UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALHOUSSEIN DIOMANDE,

                              Plaintiff,

                -against-

JOHN DOE #1,

                              Defendant.

20-CV-3607 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Alhoussein Diomande, currently incarcerated in the Franklin Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that while he was detained in the Brooklyn Detention Complex, an unknown correction officer violated his rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was attacked from behind and rendered unconscious. As a result of the attack, he received sutures under his chin and on the left and right occipital regions of his head. He suffered a concussion, neck pain, headaches, blurred vision in his right eye, and nerve

damage. Because Plaintiff does not allege that Defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Brooklyn, New York, which is in the Eastern District. *See*  28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2020
       New York, New York

                                     COLLEEN McMAHON
                             Chief United States District Judge